SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ,
RESIDENT JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5263

May 23, 2024

Luis R. Rosas-Jose
SBI# 00939844
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

Re: *State of Delaware v. Luis R. Rosas-Jose,* Def. ID No. S2010010939 (R-1)

Dear Mr. Rosas-Jose:

On July 14, 2022, after a jury trial, you were convicted of eight counts of Rape in the First Degree, one count of Burglary in the First Degree, two counts of Unauthorized Sexual Contact, and one count of Offensive Touching. On September 6, 2022, I sentenced you to 25 years of incarceration at Level 5 on each of the Rape counts, 25 years of incarceration at Level 5 on the Burglary count, eight years of incarceration at Level 5 on each of the Unauthorized Sexual Contact counts, and one year of incarceration at Level 5 on the Offensive Touching count.

On May 16, 2024, I received your first *pro se* Motion for Postconviction Relief under Delaware Superior Court Criminal Rule 61 (the "Motion"), dated May 10, 2024, together with your Motion for Appointment of Postconviction Counsel of even date therewith. The single ground for relief was ineffective assistance of your trial counsel, although you provide no details or arguments with respect to this claim.

**Rule 61 Motion**

I first address the four procedural bars of Rule 61.[1] If a procedural bar exists, as a general rule I will not address the merits of the postconviction claim.[2] A Rule 61 Motion can be barred for time limitations, successive motions, failure to raise claims below, or former adjudication.[3]

First, a motion for postconviction relief exceeds time limitations if it is filed more than one year after the judgment of conviction is final.[4] In your case, the judgment of conviction became final when the Supreme Court issued its mandate or order finally determining the case on direct review.[5] The Supreme Court issued its mandate or order finally determining your case on direct review on October 13, 2023.

---

[1] *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).

[2] *Bradley v. State*, 135 A.3d 748 (Del 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).

[3] Super. Ct. Crim. R. 61(i).

[4] Super. Ct. Crim. R. 61(i)(1).

[5] Super. Ct. Crim. R. 61(m)(2).

You filed the Motion on May 16, 2024, well before the one-year deadline. Therefore, consideration of the Motion is not barred by the one-year limitation.

Second, second or subsequent motions for postconviction relief are not permitted unless certain conditions are satisfied.[6] Since this is your first motion for postconviction relief, consideration of the Motion is not barred by this provision.

Third, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless certain conditions are satisfied.[7] Your grounds for relief are based on a claim of ineffective assistance of counsel. It is well-settled Delaware law that, as collateral claims, ineffective assistance of counsel claims are properly raised for the first time in postconviction proceedings.[8] Therefore, consideration of the Motion is not barred by this provision.

Fourth, grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal *habeas corpus* hearing" are barred.[9] In the Motion, you do not seek to relitigate issues you have previously asserted in the case. Therefore, consideration of the Motion is not barred by this provision.

---

[6] Super. Ct. Crim. R. 61(i)(2).
[7] Super. Ct. Crim. R. 61(i)(3).
[8] *State v. Schofield*, 2019 WL 103862, at *2 (Del. Super. January 3, 2019); *Thelemarque v. State*, 2016 WL 556631, at *3 (Del. Feb. 11, 2016) ("[T]his Court will not review claims of ineffective assistance of counsel for the first time on direct appeal."); *Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013) ("It is well-settled that this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").
[9] Super. Ct. Crim. R. 61(i)(4).

None of these four procedural bars apply either to (i) a claim that there is new evidence of actual innocence in fact, or to (ii) a claim that a retroactively applied rule of constitutional law renders the conviction invalid.[10]  You make no such claims here.

Since none of the procedural bars under Rule 61 apply, I will consider the Motion on its merits. However, I cannot do so until postconviction counsel ("Postconviction Counsel") is appointed to represent you and submits an amended Motion for Postconviction Relief, as discussed below.

**Appointment of Postconviction Counsel**

In your Rule 61 Motion and your Motion for Appointment of Postconviction Counsel, you state that you speak no English and cannot articulate your ineffective assistance of counsel grounds for relief without the assistance of Postconviction Counsel and an interpreter.

Rule 61 provides that I *shall* appoint Postconviction Counsel for you in your first timely Motion if it seeks to set aside, *inter alia*, a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review and is for a crime designated as a class A, B, or C felony under 11 *Del. C.* §4205(b).[11]  In your case, several of the charges fall within the designated classes of felonies. Thus, you are entitled to the appointment of Postconviction Counsel.

---

[10] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).
[11] Super. Ct. Crim. R. 61(e)(2)(i).

This letter opinion shall constitute an Order that Postconviction Counsel be appointed to represent you in this Rule 61 proceeding. Upon his or her appointment, Postconviction Counsel will file an amended Motion, the State will be given a chance to respond, and Postconviction Counsel will be given a chance to reply. I will enter a Scheduling Order for these filings once Postconviction Counsel has been appointed.

Depending upon these filings by Postconviction Counsel and the State, I may or may not expand the record to include affidavits from Trial Counsel and Appellate Counsel[12] and order an evidentiary hearing.[13] I will notify the parties accordingly at that time.

**IT IS SO ORDERED**.

Very truly yours,

/s/ Craig A. Karsnitz
Craig A. Karsnitz

cc:     Prothonotary
        Nichole Gannett, Esquire, Deputy Attorney General
        James P. Murray, Esquire
        Stephanie Volturo, Esquire

---

[12] Super. Ct. Crim. R. 61(g)(2).
[13] Super. Ct. Crim. R. 61(h).